UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JIMMY L. WILHITE** | **CIVIL ACTION NO. 3:14-cv-0114** |
| LA. DOC #455504 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jimmy L. Wilhite, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 23, 2014. Petitioner attacks his convictions for molestation of juveniles and the consecutive sentences totaling 30 years imposed thereafter by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On some unspecified date, petitioner was convicted of two counts of molestation of juveniles. He was thereafter sentenced to serve consecutive sentences of 15 years on each count. He appealed his convictions to the Second Circuit Court of Appeals arguing two assignments of error: (1) insufficiency of the evidence and (2) improper introduction of the videotaped interviews of the juvenile victims. On June 20, 2007, the Second Circuit Court of Appeals affirmed his convictions and sentences; his motion for rehearing was deemed untimely and not

considered and notice of that fact was apparently forwarded to petitioner and his attorney on July 18, 2007. *State of Louisiana v. Jimmy L. Wilhite*, 42, 213-KA (La. App. 2 Cir. 6/20/2007), 961 So.2d 565. According to petitioner, he received notice of judgment on June 20, 2007, and mailed his *pro se* application for writs to the Louisiana Supreme Court on August 15, 2007. [Doc. 1, p. 8; Doc. 1-1, pp. 2 and 9] On January 25, 2008, the Supreme Court denied writs. *State of Louisiana v. Jimmy L. Wilhite*, 2007-1824 (La. 1/25/2008). However, according to petitioner, he did not receive a copy of the Supreme Court's judgment.

Two years later, sometime in January 2010, petitioner wrote a letter to the Louisiana Supreme Court inquiring about the status of his writ application; on or about February 8, 2010, he was advised that his writ application on direct appeal had been denied two years earlier.[Doc. 1, pp. 2, 3, and 8; Doc. 1-1, pp. 3, 6, and 8]

On January 27, 2012, petitioner filed an application for post-conviction relief in the Fourth Judicial District Court. [Doc. 1, pp. 4 and 8] On June 18, 2012, the District Court denied the application as untimely. [Doc. 1-1, p. 11] Petitioner sought review in the Second Circuit Court of Appeals where his writ application was assigned Docket Number KH 12-47753. On September 13, 2012, his writ application was denied and he was provided notice of judgment. [Doc. 1-1, p. 13] He thereafter sought writs in the Louisiana Supreme Court and on March 15, 2013, his post-conviction writ application was denied as untimely pursuant to La. C.Cr.P. art. 930.8.[1] *State of Louisiana ex rel. Jimmy Wilhite v. State of Louisiana*, 2012-2352 (La.

---

[1] Art. 930.8 provides, "A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922..." Petitioner's judgment of conviction and sentence became final under art. 922(C) on January 25, 2008 when the Louisiana Supreme Court denied writs on direct review.

3/15/2013), 109 So.3d 379. [Doc. 1-1, p. 14]

Petitioner signed and mailed the instant petition on January 22, 2014 [Doc. 1, p. 7; Doc. 1-3, p. 1] and it was received and filed on January 23, 2014.

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and

---

*State of Louisiana v. Jimmy L. Wilhite*, 2007-1824 (La. 1/25/2008). He had two years or until January 25, 2010 to file a timely application for post-conviction relief.

[2] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D).

pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On June 27, 2007, petitioner's judgment of conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Jimmy L. Wilhite*, 42, 213-KA (La. App. 2 Cir. 6/20/2007), 961 So.2d 565. Thereafter, on January 25, 2008, the Louisiana Supreme Court denied writs terminating direct review. *State of Louisiana v. Jimmy L. Wilhite*, 2007-1824 (La. 1/25/2008). Assuming that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about April 25, 2008, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. *See* Supreme Court Rule 13; *see also Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on April 25, 2008, petitioner had one year, or until April 25, 2009, to file his federal *habeas corpus* suit.

Petitioner cannot rely on upon the tolling provisions of Section 2244(d)(2) because by the time he filed his collateral attack on January 27, 2012, the limitations period had already expired and could not be revived by the untimely filing of his post-conviction applications.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526

U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied).

Petitioner contends that he is entitled to tolling because of the delay he experienced in obtaining the Louisiana Supreme Court's judgment denying writs on direct review. Such a delay,

if established, may entitle a *habeas* petitioner to equitable tolling, provided the petitioner has proceeded all along with "diligence and alacrity..." *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir.2000).

Here, petitioner cannot establish diligence. Petitioner waited a period in excess of two years before he contacted the Louisiana Supreme Court to obtain information on his writ application. After he was made aware of the Supreme Court's judgment in February 2010, he inexplicably allowed a period of almost two years to elapse before he filed his application for post-conviction relief in the Louisiana Courts. Finally, the Louisiana Courts denied his post-conviction applications in March 2013 and he waited almost 10 months, until January 2014, before he filed the instant petition. In short, petitioner was hardly diligent with regard to the collateral attack on his conviction and clearly not entitled to equitable tolling.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, April 2, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**